Howard YOUNG, Plaintiff–Appellant,

v.

TRANS UNION; et al., Defendants–Appellees.

No. 06–16051.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 16, 2007.

fraudulent misrepresentation claims with prejudice.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Howard Young, San Jose, CA, pro se.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM **

Howard Young appeals pro se the dismissal of his complaint against numerous defendants alleging causes of action arising out of his ongoing prosecution in California state court. We review de novo the dismissal of a prisoner's complaint pursuant to 28 U.S.C. § 1915. *Ramirez v. Galaza,* 334 F.3d 850, 853–54 (9th Cir.2003).

The district court correctly determined that *Heck v. Humphrey,* 512 U.S. 477, 487–88, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars Young's 42 U.S.C. § 1983 claims against various state actors. Though Young's prosecution was ongoing at the time the district court dismissed his case, *Heck* also applies to "pending criminal charges." *Harvey v. Waldron,* 210 F.3d 1008, 1014 (9th Cir.2000).

The district court also dismissed on *Heck* grounds Young's claims against several non-state-actor defendants, including Visa USA and credit reporting agencies Experian, Trans Union, and Equifax. In doing so, however, the court did not specifically address whether *Heck* bars civil claims against non-state actors. We therefore reverse the dismissal of these claims and remand to allow the district court to consider this question in the first instance.

We also note that since the district court's decision, the Supreme Court has decided *Wallace v. Kato,* —— U.S. ——, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Under *Wallace,* it is not clear, as the district court concluded, that the claims in question would not accrue until Young prevailed in his criminal case. *See id.* at 1097

ed by 9th Cir. R. 36–3.

(applying to a § 1983 claim the "traditional rule of accrual," under which "the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." (citation omitted)). Since the district court did not have the benefit of *Wallace* when it issued its order of dismissal, we remand to allow the court to reconsider Young's claims against the non-state-actor defendants in light of that opinion.

**AFFIRMED in part, REVERSED and REMANDED in part.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

